Compiler

IN THE SUPERIOR COURT OF GUAM

MADELINE T. HORINOUCHI,                    )
                                           )
                    Plaintiff,             )    DOMESTIC CASE NO. DM0673-11
                                           )
        vs.                                )
                                           )    DECISION AND ORDER
KEITH M. HORINOUCHI,                       )
                                           )
                    Defendant.             )
_____)

## INTRODUCTION

This matter came to the attention of the Court presided over by the Honorable James L. Canto II on Plaintiff's *Motions for Clarification, Reconsideration & Request for Stay* ("Motion"), filed March 14, 2013. Having considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order.

## BACKGROUND

In this divorce action, Plaintiff and Defendant do not have children and seek to divide their property. On July 30, 2012, both parties appeared with their attorneys for a bench trial. Plaintiff's counsel represented that an oral settlement agreement was reached and counsel read the following terms of the agreement into the record: (Record Log at 9:17, July 30, 2012.)

Plaintiff shall keep and refinance parties' Kauai real property in her name and keep a Lexus vehicle. *Id.* Defendant shall keep and refinance parties' Loma Linda real property in his name and keep a Mitsubishi vehicle. *Id.* Plaintiff shall keep her 401k retirement account and frequent flyer mileage accounts. *Id.* Defendant shall keep his 401b retirement account, his business named "Horinouchi Wellness Clinic", and his frequent flyer mileage accounts. *Id.* Plaintiff shall remove Defendant's name from, and be solely responsible for, all encumbrances on the Kauai property and a Chase credit card. *Id.* Defendant shall remove Plaintiff's name from, and be solely responsible for, all encumbrances on the Loma Linda property and all other credit cards. *Id.* Any other joint accounts will be closed and the parties shall file taxes separately from 2011 onward. *Id.*

Plaintiff's counsel explained that the parties shall split any gain or loss in the value of the Kauai property. *Id.* Plaintiff shall have the property appraised by the refinance lender and if its value exceeds $535,000 then Plaintiff shall pay Defendant one-half (1/2) of the difference in value above $535,000. *Id.* If the value is less than $535,000 then Defendant shall pay Plaintiff one-half (1/2) of the difference in value below $535,000. *Id.* Defendant shall also pay $3,000 to Plaintiff by check and $2,000 to her by promissory note. *Id.* Finally, Plaintiff shall keep the Kauai property furnishings except for some of Defendant's personal effects that he shall specify in a list at a later time. *Id.*

Defendant's counsel agreed to the foregoing terms and stated that the parties shall memorialize the agreement together in a proposed interlocutory and final decree of divorce. *Id.* at 9:23. When a joint submission was not forthcoming, Defendant filed an interlocutory and final decree of divorce on October 23, 2012. Defendant's interlocutory and final decrees of divorce accurately represent the open court settlement agreement and further identify his personal effects. On November 13, 2012, Defendant filed a motion to enforce the decrees. Defendant argued that he relied upon the stipulated property settlement agreement and sent Plaintiff a check for $3,000. Plaintiff argued that she did not consent to the agreement and that the statute of frauds as well as 21 GCA § 4101 require the agreement to be in writing.

On March 5, 2013, this Court issued a Decision and Order granting Defendant's motion to enforce the stipulated judgment of divorce ("Decision"). Plaintiff filed the present motion on March 14, 2013, which the Defendant opposed in writing, said opposition being filed April 15, 2013.

## DISCUSSION

Plaintiff first requests the Court clarify its Decision and Order issued March 5, 2013, claiming it is unclear whether the Court's decision referred to an oral stipulation expressed by the parties at a court hearing or to a "written Stipulation proffered by the Defendant that Plaintiff refused to execute." (Pl. Mtn., at 2). The March 5, 2013 Decision by this Court explicitly refers to an "oral settlement agreement" reached by the parties and read by Plaintiff's counsel into the court record at a July 30, 2012 hearing in the presence of Plaintiff. (Decision,

p. 1, lns. 19-21). The Decision goes on to make five (5) separate references to oral stipulations made in open court, and nowhere does the Decision refer to any alleged proposed written stipulation. The Decision could not be any clearer as to what it is discussing.

Plaintiff also moves this Court to set aside the judgment on the basis of clerical mistake under Guam Rules of Civil Procedure ("GRCP") Rule 60(a). While Plaintiff cites GRCP Rule 60(a) regarding clerical mistakes as a part of her motion, she does not argue that the Court actually committed any clerical errors in its Decision. Further, the Court does not observe that it made any clerical errors in the writing of its Decision. Thus any relief sought pursuant to GRCP Rule 60(a) is denied.

Plaintiff further moves the Court to set aside its prior Decision on the basis of mistake, inadvertence, surprise, or excusable neglect under GRCP Rule 60(b)(1). Rule 60(b)(1) does grant this Court the discretion to relieve a party from a final order for reason of mistake, inadvertence, surprise, or excusable neglect. *Brown v. Eastman Kodak*, 2000 Guam 30 ¶ 32. Relief under Rule 60(b)(1) is limited to situations where the error is simple mistake or inadvertence such as overlooking controlling statutes or case law. *In re Tai Chi Navigation (Panama) Corp. S.A.*, 728 F.2d 699, 703 (5th Cir. 1984). The purpose of Rule 60(b)(1) "is to permit the trial court to reconsider and correct obvious errors of law without forcing the parties to engage in the machinery of appeal." *U.S. v. 329.73 Acres of Land, More or Less, Situated in Grenada and Yalobusha Counties, State of Miss.*, 695 F.2d 922, 925 (5th Cir. 1983).

As to relief sought by the present motion pursuant to GRCP Rule 60(b)(1), Plaintiff does not allege any sufficiently reasonable argument regarding mistake, inadvertence, surprise, or excusable neglect. Rather, Plaintiff advances essentially the same arguments made in her prior written opposition to the enforcement of the stipulated decrees. In her instant motion, Plaintiff does raise issues related to "frustration of purpose" and "legal impossibility"; however, none of the arguments fall within the purview of GRCP Rule 60(b)(1).[1]

---

[1] This court notes the Guam Supreme Court holds: "Neither carelessness nor ignorance, ascribed to the party or party's attorney, may supply grounds for relief under 60(b)(1). A 'plaintiff's entire lack of diligence and attention to the matter' does not constitute excusable neglect." *Duenas v. Brady*, 2008 Guam 27 ¶ 20 (internal citations omitted).

Additionally, Plaintiff presents nothing which would otherwise invoke this Court's ability to reconsider its prior decision. The Supreme Court of Guam has held: "this court has adopted three prongs to justify reconsideration: 'where the trial court: (1) is presented with new evidence; (2) committed clear error or the decision was manifestly unjust, or (3) if there is an intervening change in controlling law.'" *People of Guam v. Gutierrez*, 2005 Guam 19 ¶ 41 (*citing Petition of Quitugua v. Flores*, 2004 Guam 19 ¶ 38). However, none of these three prongs are satisfied by Plaintiff's motion either.

Finally, Plaintiff moves for a stay of proceedings, though Plaintiff offers no citation or authority for the court to do so. Regardless, Plaintiff moves for a stay "based upon the need to clarify ambiguity and impossibility contained in the D&O." (Pl. Mtn. at 6). Since there is in fact no ambiguity to the court's prior Decision, and because "impossibility" is not a valid basis for either reconsideration or setting aside of the judgment (or final order), then a stay is not warranted and will not be implemented in this case.

///

///

///

**CONCLUSION**

Based upon the foregoing, the Defendant's motions for clarification, reconsideration and stay of proceedings are hereby DENIED and the Court shall enter Defendant's interlocutory and final decrees of divorce.

**SO ORDERED** this 22ND day of October, 2013.

_____
**HON. JAMES L. CANTO II**
**Judge, Superior Court of Guam**

, do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam. Dated at Hagåtña, Guam

OCT 2 2 2013

James R. Borja
Deputy Clerk, Superior Court of Guam